# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| RUVYE COWLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02846-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, TRANS UNION, LLC, ROYAL ) | |
| FURNITURE COMPANY, and UNITED ) | |
| CONSUMER FINANCIAL SERVICES ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Ruvye Cowley moves to dismiss Defendant United Consumer Financial Services Company's ("UCFSC") Counterclaim for breach of contract. (ECF No. 59.) For the reasons below, this Court DENIES Plaintiff's Motion to Dismiss UCFSC's Counterclaim for breach of contract.

## BACKGROUND

Plaintiff received an Equifax and Trans Union credit disclosure that reported a UCFSC trade line with a scheduled monthly payment of $72.00. (ECF No. 1 at PageID 4.) She then sent Equifax a dispute letter claiming that the trade line was charged off and closed, meaning she did not have an obligation to make monthly payments. (*Id.* at 5.) Equifax and Trans Union forwarded Plaintiff's dispute to UCFSC, who did not make any changes to its reporting. (*Id.*) Plaintiff then filed this lawsuit claiming the report was misleading and inaccurate. (*Id.* at 9.)

Plaintiff alleged that UCFSC violated the Fair Credit Reporting Act ("FCRA") by reporting a scheduled monthly payment when the account was, in fact, charged off and closed. (*Id.* at 5.)  Plaintiff also alleged that UCFSC did not adequately investigate her dispute notice. (*Id.* at 8–9.)  And Plaintiff claimed these violations caused her credit and emotional damages, undue stress, anxiety, mental anguish, suffering, and embarrassment.  (*Id.* at PageID 8–10.)

UCFSC then filed a Counterclaim against Plaintiff for breach of contract.  (*See* ECF No. 55 at PageID 286–87.)  UCFSC claims that it entered into a "Retail Installment Contract / Security Agreement" ("Agreement") with Plaintiff.  (*Id.* at PageID 286.)  Plaintiff signed the Agreement jointly with another borrower.  (*Id.* at PageID 287.)

Under the Agreement, UCFSC provided Plaintiff with $1,400.00 in consumer financing. (*Id.*)  In return, Plaintiff agreed to make 24 monthly payments of $72.04 to UCFSC to repay the principal plus interest.  (*Id.*)  Yet UCFSC alleges that Plaintiff failed to timely pay the amounts owed, and it accelerated the debt under the Agreement.  (*Id.*)  As a result, UCFSC argues that Plaintiff owes $867.00, plus late fees and interest.  (*Id.*)

Plaintiff now asks this Court to dismiss UCFSC's Counterclaim by declining to exercise supplemental jurisdiction over it.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction."  *Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted).  So the plaintiff or counter-claimant "has the burden

of proving jurisdiction" to survive a motion to dismiss under Rule 12(b)(1). *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Plaintiff, however, does not challenge the existence of subject matter jurisdiction here. Instead, Plaintiff contends that the Court should decline to exercise supplemental jurisdiction over Defendant's Counterclaim. (ECF No. 59 at PageID 365.) Under 28 U.S.C. § 1367, when a court properly retains original jurisdiction over a civil action, it "shall have supplemental jurisdiction over all other claims . . . so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Sixth Circuit has held that claims form part of the same case or controversy when they derive from a common nucleus of operative facts. *Blakely v. United States*, 3276 F.3d 853, 861 (6th Cir. 2002).

But the Court may decline to exercise supplemental jurisdiction over a claim if: (1) it "raises a novel or complex issue of State law"; (2) it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) the court "has dismissed all claims over which it has original jurisdiction"; or (4) in exceptional circumstances, "there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(1)–(4). District courts enjoy "broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996).

## DISCUSSION

Plaintiff argues that the § 1367 factors support declining supplemental jurisdiction here. Plaintiff contends that the facts relevant to her FCRA claim are separate and distinct from the facts underlying Defendant's breach of contract claim. (ECF No. 65 at PageID 404–05.) On the other hand, Defendant argues that the Court should exercise supplemental jurisdiction over its

3

Counterclaim because the facts underlying the state and federal claims are the same and the state claim is straightforward. (ECF No. 64 at PageID 396.)

Plaintiff likens this case to *Ramsey v. Gen. Motors Fin. Co.*, where the court declined to exercise supplemental jurisdiction when the plaintiff sued the defendant for violating the Telephone Consumer Protection Act and the defendant filed a breach of contract counterclaim relating to the same account for which it made calls to Plaintiff. No. 15-cv-0827, 2015 WL 6396000, at *1 (M.D. Tenn. Oct. 22, 2015). In that case, the court held:

> Although Plaintiff's claim, from a broad perspective, arose from the underlying debt upon which Defendant sues, a closer look reveals that the operative facts from which Plaintiff's federal claim arose are separate and different from the operative facts from which Defendant's state law claim arose. The proof needed to establish Defendant's violation of the TCPA (e.g., calls made, without express consent, with an automatic telephone dialing system or an artificial or prerecorded voice) is different from the proof needed to establish Plaintiff's breach of the [c]ontract (e.g., existence of a valid contract, default, damages).

*Id.* at *2.

Here, on the other hand, Plaintiff's Complaint states an FCRA claim under 15 U.S.C. § 1681s-2(b). Under that section, upon notice of dispute about the completeness or accuracy of any information provided by a person to a Credit Reporting Agency ("CRA"), the furnisher must: (1) conduct an investigation; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report any inaccuracies, if found, to all CRAs who may have received the inaccurate information; and (5) correct any inaccuracies in the information. *See* 15 U.S.C. § 1685s-2(b)(1)(A)–(E). To prove this claim, Plaintiff must show that the information reported was in fact inaccurate. 15 U.S.C. § 1681s-2(b)(1).

Unlike the claims in *Ramsey*, where the proof needed to establish each claim is different, UFCSC's proof of a breach of contract is interrelated enough to Plaintiff's FCRA claim to justify this Court's exercise of supplemental jurisdiction. "[A] threshold showing of inaccuracy or

incompleteness is necessary" for a successful § 1681s-2(b) claim. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 630 (6th Cir. 2018). UCFSC claims that Plaintiff's debt was accurately reported as charged off because of Plaintiff's breach of the Agreement. (ECF No. 55 at PageID 276.) This would constitute a defense to Plaintiff's § 1681s-2(b) claim. *Pittman*, 901 F.3d at 630. The same facts underlying UFCSC's breach of contract claim, thus, apply in determining the accuracy of Plaintiff's claim under § 1681s-2(b). So UCFSC's counter claim arises from a common nucleus of operative facts as Plaintiff's FCRA claims.

Plaintiff also argues that reconciling Plaintiff's claims and Defendant's counterclaim together would "prolong pretrial practice, complicate the trial, lengthen the jury instructions, confuse the jury, and may result in inconsistent verdicts and cause post-trial problems with respect to judgment interest and attorney fees." (ECF No. 59 at PageID 370.) On the other hand, Defendant contends that it would be far more efficient for the Court to consider the state law claim rather than require a separate action in another court based on the same facts. (ECF No. 64 at PageID 396.) The Court finds Defendant's arguments persuasive here.

The doctrine of supplemental jurisdiction seeks to further "judicial economy, convenience, fairness and comity." *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997). "[T]he appropriate inquiry for the trial court is . . . to balance the 'interests of judicial economy and the avoidance of multiplicity of litigation' against 'needlessly deciding state law issues.'" *James v. Hampton*, 592 Fed. App'x 449, 462–63 (6th Cir. 2015) (quoting *Landefeld v. Marion General Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

Here, the interest of judicial economy warrants exercising supplemental jurisdiction. "Forcing [UFCSC] to relitigate the issue of whether Plaintiff still owed a balance to [it], and shunting the decisional task to a state forum, remains less conducive to judicial economy and

fairness than simply handling [UFCSC's counter-claim] alongside Plaintiff's claims in this one." *Wingo v. Experian Information Sols., Inc.*, No. 17-cv-11275, 2017 WL 3765784, at *3 (E.D. Mich. Aug. 9, 2017), *report and recommendation adopted*, 2017 WL 3727399 (E.D. Mich. Aug 30, 2017). Moreover, given that Defendant asserts that the debt was accurately charged off—a defense to Plaintiff's FCRA claims—requiring Defendant to litigate its breach of contract claim would cause duplicative litigation. *Fox v. Brown Memorial Home, Inc.*, 761 F. Supp. 2d 718, 724 (S.D. Ohio 2011) (citing to *Landefeld*, 994 F.2d at 1182; *Province v. Cleveland Press Pub. Co.*, 787 F.2d 1047, 1054 (6th Cir. 1986)).

Finally, Plaintiff claims litigation of Defendant's counterclaim would both "substantially predominate over Plaintiff's FCRA claims" and "substantially expand the scope of this case well beyond what is necessary and relevant to Plaintiff's FCRA claims." (ECF No. 59 at PageID 370.) While it is true that attempts to reconcile federal and state law *could* dominate and complicate pretrial practice and trial, the Court does not see how a simple breach of contract claim for collection of a debt could substantially predominate over Plaintiff's FCRA claim. *Wingo*, 2017 WL 3765784 ("[T]here seems nothing particularly complex about bootstrapping a breach-of-contract claim onto a case in which the accuracy of the credit line is already an issue."); *Cf. Lott, Wolpoff & Abramson, LLP*, No. 06-13249, 2006 WL 2123031, at *2 (E.D. Mich. July 27, 2006) (noting the complications arising from reconciling state and federal law in the context of the FCRA and the Michigan Collection Practices Act). And having found that the existence of a breach of the Agreement between Plaintiff and UCFSC is relevant to whether the debt was accurately reported, this Court also finds that litigation of Plaintiff's counterclaim does not substantially expand the scope of this case.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

**SO ORDERED**, this 21st day of October, 2019.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE