IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RUVYE COWLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:18-cv-02846-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC; TRANS UNION, LLC; ROYAL ) | |
| FURNITURE COMPANY; AND UNITED ) | |
| CONSUMER FINANCIAL SERVICES ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

Plaintiff Ruvye Cowley asks the Court to reconsider its Order Granting Defendant Royal Furniture Company's ("RFC") Motion for Summary Judgment. (ECF No. 69.) For the reasons below, the Court **DENIES** Plaintiff's Motion.

### **BACKGROUND**

Plaintiff sued claiming RFC violated the Fair Credit Reporting Act ("FCRA") by reporting a scheduled monthly payment when the account was paid and closed. (ECF No. 1 at PageID 3.) Plaintiff discovered the purported error on an Equifax credit disclosure, listing a trade line with a scheduled monthly payment of $32.00. (*Id.* at PageID 3–4.) Plaintiff alleged that she disputed the trade line with Equifax, who forwarded Plaintiff's dispute to RFC. (*Id.* at PageID 4–5.) In spite of this, Plaintiff alleged that RFC failed to investigate adequately her dispute notice. (ECF No. 58 at PageID 305.)

The Court granted summary judgment on Plaintiff's claims under 15 U.S.C. § 1681s-2(b), holding that there was no dispute as to material fact and that RFC was legally entitled to a judgment in its favor. (ECF No. 67.) The Court found that the challenged report was technically accurate and that the report was not materially misleading. (*Id.* at PageID 426–27.)

## **LEGAL STANDARD**

The Sixth Circuit treats a motion for reconsideration as a motion to alter or amend the judgment in districts that do not have local rules on such a motion. *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) ("Treating a motion for reconsideration as a motion to alter or amend the judgment makes sense when a party files a document titled 'Motion for Reconsideration' in a district that does not have a local rule providing for such a motion."). A district court may grant a motion for reconsideration or a motion to alter or amend a judgment only when there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2005).

This interpretation limits parties from raising new legal arguments that they could have raised beforehand, rearguing a case, or introducing new evidence for the first time when the party should have presented that evidence earlier. See *Shah v. NXP Semiconductors USA, Inc.*, 507 Fed. App'x 483, 495 (6th Cir. 2012); *see also Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2007) (stating that "[c]ourts should not reconsider prior decisions where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").

**DISCUSSION**

Plaintiff argues that the Court committed clear error of law in holding that "[t]he report was accurate because the $32.00 was the correct scheduled monthly payment amount while the account was active." (ECF No. 69 at PageID 430.) Plaintiff contends that, in doing so, the Court failed to "view the evidence and draw all reasonable inferences in favor of [her as the] nonmoving party." (*Id.* at PageID 432.) Plaintiff also argues that she need not prove that RFC's reporting was materially misleading, so long as she proves that the reporting was false. (*Id.* at PageID 433.)

First, the Court finds no reason to disturb its prior holding that the report was, in fact, accurate. The uncontested facts presented to the Court showed that Defendant RFC's report to Equifax was accurate. It showed that Plaintiff had an installment account which called for 18 monthly payments of $32.00. (ECF Nos. 35-1 at PageID 160; 35-2 at PageID 166–67.) What is more, RFC's report to Equifax showed that Plaintiff paid the balance in full with a current balance of $0, an amount past due of $0, and an amount charged off of $0. (ECF Nos. 35-1 at PageID 160; 35-2 at PageID 167.) That report was accurate.

Plaintiff cites a segment of the Credit Reporting Resource Guide that states once an account is paid in full and closed, the scheduled monthly payment amount should be $0. (ECF No. 58-2 at PageID 362.) This guide does not control the outcome of this Court's accuracy finding. Even assuming the accuracy of Plaintiff's description of applicable best practices for when a debt is paid in full, her argument is misguided. The FCRA does not mandate perfect compliance with the Credit Reporting Resource Guide—it prohibits false and misleading credit reports. 15 U.S.C. § 1681s-2. The undisputed facts show that as of April 30, 2018 the account, while listed as "Paid," was not yet closed and was marked "Current." (ECF Nos. 35-1 at PageID

160; 35-2 at PageID 166–67.) Given that the account was current, not "paid-and-closed" as Plaintiff suggests, this Court's previous holding that the listed scheduled monthly payment amount was accurate was not a clear error of law.

Second, the Court finds no reason to disturb its finding that the report was not seriously misleading. Because the report accurately stated the scheduled monthly payment amount, Plaintiff's only option for recourse is to show that it materially misled another creditor. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 630 (6th Cir. 2018) ("To meet this standard, a plaintiff can show that the information is false or that it contains a material omission or creates a materially misleading impression."). As explained in this Court's prior order, Plaintiff submitted no proof that the report misled a creditor. (*See* ECF No. 67 at PageID 427.)

It is undisputed that RFC's report clearly stated that—despite listing a scheduled monthly payment amount of $32.00—Plaintiff's balance was $0, amount past due was $0, and amount charged off was $0. (ECF Nos. 35-1 at PageID 160; 35-2 at PageID 166–67.) Any creditor reading that report would conclude that, despite the listed scheduled monthly payment amount, Plaintiff did not owe any more money to RFC. And the report made clear that RFC was not seeking to collect money from Plaintiff. *See Garrett v. Transunion, LLC*, No. 2:04-cv-00582, 2006 WL 2850499 (S.D. Ohio Sept. 29, 2006). So there was no clear error of law in holding that RFC's report was not materially misleading.

## **CONCLUSION**

For these reasons, this Court **DENIES** Plaintiff's motion to reconsider its Order Granting Defendant Royal Furniture Company's ("RFC") Motion for Summary Judgment. (ECF No. 69.)

**SO ORDERED**, this 21st day of October, 2019.

                    s/ Thomas L. Parker  
                    THOMAS L. PARKER  
                    UNITED STATES DISTRICT JUDGE