IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RUVYE COWLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-02846-TLP-cgc |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | JURY DEMAND |
| LLC; TRANS UNION, LLC; ROYAL | ) | |
| FURNITURE COMPANY; AND UNITED | ) | |
| CONSUMER FINANCIAL SERVICES | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant United Consumer Financial Services Company ("UFCSC") moves for summary judgment on Plaintiff Ruvye Cowley's claims against it under the Fair Credit Reporting Act, 15 U.S.C. § 1861s-2(b). (ECF No. 71.) UCFSC also moves for summary judgment on its Counterclaim for breach of contract. (*Id.*) For the reasons below, this Court **GRANTS** UCFSC's motion for summary judgment on Plaintiff's claims and **GRANTS** UCFSC's motion for summary judgment as to only liability on its breach of contract claim. And the Court will decide the amount of damages owed to Defendant later.

### BACKGROUND

**I. Undisputed Facts and Procedural History**

Unless otherwise stated, these facts, taken from the Parties' statements of undisputed material facts, are undisputed. In March 2016, Plaintiff entered into a Retail Installment Contract/Security Agreement ("Agreement") with UCFSC. (ECF Nos. 75 at PageID 502; 78 at

PageID 530.) Under the Agreement, UCFSC provided Plaintiff with $1,400.00 in consumer financing and, in return, Plaintiff agreed to make 24 monthly payments of $72.04 to repay the principal plus interest. (ECF Nos. 75 at PageID 503; 78 at PageID 531.)

Yet Plaintiff failed to timely pay the amounts owed and UCFSC accelerated the debt under the Agreement. (ECF Nos. 75 at PageID 503; 78 at PageID 531.) UCFSC claims that Plaintiff owes a balance of $867.68, (ECF No. 75 at PageID 503), but Plaintiff is not so sure. She denies the amount, claiming she needs to obtain discovery to determine the amount of the balance. (ECF No. 78 at PageID 531.) That brings us to the credit report.

Plaintiff later received an Equifax and Trans Union credit disclosure reporting a UCFSC trade line with a scheduled monthly payment of $72.00. (ECF No. 1 at PageID 4.) Plaintiff sent letters to Equifax and Trans Union disputing the $72.00 scheduled monthly payment. (ECF Nos. 78 at PageID 532; 77-1 at PageID 515; 77-2 at PageID 516.) Plaintiff claimed that UCFSC charged off and closed the account, therefore, the scheduled monthly payment should be $0.00. (ECF Nos. 78 at PageID 533; 77-1 at PageID 515; 77-2 at PageID 516.) Equifax and Trans Union notified UCFSC of the dispute through the Automated Consumer Dispute Verification ("ACDV") system, but UCFSC continued to report the scheduled monthly payment as $72.00. (ECF Nos. 78 at PageID 533–34.; 73-2 at PageID 490 & 493.) UCFSC contends that the scheduled monthly payment amount was accurately reported. (ECF Nos. 75 at PageID 504; 73 at PageID 450.) But Plaintiff disputes that, arguing instead that because UCFSC accelerated the debt, the accurate scheduled monthly payment should be $0.00. (ECF No. 78 at PageID 532.)

So Plaintiff sued, alleging that UCFSC violated the FCRA by reporting a scheduled monthly payment when the account was, in fact, charged off and closed. (ECF No. 1 at PageID 5.) Plaintiff also alleges that UCFSC did not adequately investigate her dispute notice. (*Id.* at 8–

9.) And Plaintiff claims these violations caused her damages, undue stress, anxiety, mental anguish, suffering, and embarrassment. (*Id.* at 8–10.)

UCFSC answered and filed a Counterclaim against Plaintiff for breach of contract. (*See* ECF No. 55 at PageID 286–87.) UCFSC now asks this Court to grant summary judgment as to Plaintiff's FCRA claims and its Counterclaim for breach of contract. (ECF No. 71.)

**II.     The Credit Reporting Resource Guide and Rule 56 of the Federal Rules of Civil Procedure**

Plaintiff relies on the Credit Reporting Resource Guide ("CRRG") to argue that a genuine dispute of material fact exists about whether she owed the scheduled monthly payment of $72.00 when UCFSC reported it. (ECF No. 78 at PageID 532–33.) The CRRG is a report created by the Consumer Data Industry Association to "establish standards for the consumer reporting industry." (*Id.*) According to Plaintiff, the CRRG requires a creditor who has charged-off an account balance—like UCFSC did here—to report a balance of $0.00 to the credit reporting services. (*Id.* at PageID 533.) So according to Plaintiff, when UCFSC listed $72.00 as the scheduled monthly payment amount here, it was inaccurate. (ECF No. 77 at PageID 511–12.)

But the Court cannot consider the CRRG to determine whether the listed monthly payment of $72.00 was accurate because it is hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is inadmissible unless it falls under an exception provided by the Federal Rules of Evidence. Fed. R. Evid. 802.

The cited guidelines of the CRRG are out-of-court statements by an industry group. These are industry guidelines, not legal authority like regulations, laws or cases. Plaintiff argues that she is only proffering the CRRG to show that UCFSC negligently failed to change the scheduled monthly payment amount. At the same time, however, Plaintiff seems to claim this

3

industry guide shows that the monthly payment amount UCFSC reported was inaccurate. (ECF No. 77-3.) But without testimony (through declaration or deposition by an expert witness) authenticating the CRRG guidelines, they are inadmissible hearsay. This Court cannot consider such submissions.

The Sixth Circuit has long recognized that a court may not consider hearsay when deciding a summary judgment motion. *See, e.g.*, *Tranter v. Orick*, 460 Fed. App'x 513, 514 (6th Cir. 2012) (citing to *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) ("[E]vidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence . . . must be disregarded.") (internal citations omitted); *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) ("Hearsay evidence may not be considered on summary judgment."). As a result, the Court will not consider the CRRG in evaluating UCFSC's motion for summary judgment.

## **LEGAL STANDARD**

The Court begins its analysis of this motion by consulting Federal Rule of Civil Procedure 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." *Mosholder v. Barnhardt*, 679 F.3d 443, 448 (6th Cir. 2012) (citing *Celotex Corp v. Catrett,* 477 U.S. 317, 323 (1986)). "Mere conclusory and unsupported allegations, rooted in speculation, do not meet [the] burden." *Bell v. Ohio State Univ.*, 351 F.3d

240, 253 (6th Cir. 2003). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." *Mosholder*, 679 F.3d at 448–49 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). When the burden shifts, the non-movant must respond.

In response, the non-moving party "may not rest upon its mere allegations." *Great West Cas. Co. v. Flandrich*, 605 F. Supp. 2d 955, 960 (S.D. Ohio 2009). The non-moving party "must produce evidence that results in a conflict of material fact to be resolved by a jury[,]" and the Court "must afford all reasonable inferences, and construe the evidence, in the light most favorable to the non-moving party." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). "The non-moving party must present 'significant probative evidence' to show that there is more than 'some metaphysical doubt as to the material facts.'" *Id.* (quoting *Moore v. Philip Morris Co.*, 8 F.3d 335, 339–40 (6th Cir. 1993)). "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (citing *Celotex Corp.*, 477 U.S. at 323). Now the Court will apply the law to the undisputed facts.

## DISCUSSION

### I. Plaintiff's Fair Credit Reporting Act Claim under 15 U.S.C. § 1681s-2(b)

Plaintiff brings her claim against UCFSC under 15 U.S.C. § 1681s-2(b). The FCRA imposes "five statutory duties . . . on furnishers of consumer information." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012). But before suing, a plaintiff must notify the Credit Reporting Agency ("CRA") that she disagrees with how they reported the account. *Id.* at 615–16. Under § 1681s-2(b), when a consumer gives that notice disputing the accuracy of any

information provided to a CRA, the furnisher has to act. *See* 15 U.S.C. § 1681s-2(b)(1)(A)–(E). It must (1) investigate the claim; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report any inaccuracies, if found, to all CRAs who may have received the inaccurate information; and (5) correct any inaccuracies in the information. (*Id*.)

Cowley claims that UCFSC violated this statute by negligently or willfully failing to both properly investigate her dispute and "review all relevant information available to it and provided by Equifax and Trans Union . . . ." (ECF No. 1 at PageID 8–10.) UCFSC argues that it accurately reported the debt here.

### A. Accuracy of UCFSC's Report

To bring a valid FCRA claim, a plaintiff must show a report of consumer information was inaccurate. *See Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 959 (E.D. Mich. 2016); *Spence v. TRW*, 92 F.3d 380, 382 (6th Cir. 1996). UCFSC argues that it is entitled to summary judgment for the same reasons this Court granted Defendant Royal Furniture Company's motion for summary judgment. (ECF No. 72 at PageID 444.) Simply put, UCFSC argues that summary judgment is proper because: (1) the reported $72.00 scheduled monthly payment is accurate and (2) Plaintiff has brought no proof that the report misled any lender. (*Id.* at PageID 444–46.)

A Plaintiff fails to state a claim under the FCRA where "the information contained in a challenged credit report was accurate on its face, or, put somewhat differently, 'technically accurate.'" *Dickens v. Transunion Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001). Although *Dickens* applies directly to consumer reporting agencies under § 1681e(b), the "technically accurate" standard remains the same in cases involving furnishers of information under § 1681s-

2(b) as well. *See Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 960 (E.D. Mich. 2016). Plaintiff, on the other hand, argues the report is inaccurate if "the information provided is false or . . . contains a material omission or creates a materially misleading impression." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 630 (6th Cir. 2018).

The only evidence Plaintiff brings to defeat UCFSC's motion for summary judgment is that the industry guideline, the CRRG, suggests that when a furnisher of consumer information reports a charged-off debt, that report should reflect a scheduled monthly payment amount of $0.00. (ECF No. 78 at PageID 533.) But as already explained, the CRRG is inadmissible hearsay and the Court cannot consider it at the summary judgment stage. (*See supra* pp. 3–4.) By contrast, UCFSC relies on the affidavit of Timothy K. Spencer, its Chief Compliance Officer, who declared:

> The amount of $72.00 was the correct scheduled monthly payment for Cowley's account because, pursuant to the Agreement, Cowley was obligated to make twenty-four (24) equal monthly payments in the amount of $72.04 to UCFS to repay the principal owed plus interest. If anything, the reported amount underreported Cowley's obligation by $0.04/month.

(ECF No. 73 at PageID 450.) This evidence is undisputed.

And Plaintiff seeks to manufacture a dispute of material fact by asserting that $72.00 was an inaccurate amount because she defaulted on the payments and Defendant accelerated the debt. (ECF No. 78 at PageID 509–10.) But Plaintiff provides no *evidence* in support of her claim that Defendant's report was inaccurate, nor does she cite case law supporting this assertion. (*Id.*) So Plaintiff effectively failed to dispute UCFSC's factual claim that the $72.00 scheduled monthly payment amount was accurate. Given Plaintiff's failure to rebut Defendant's evidence, the Court finds that there is no dispute as to material fact about the accuracy of UCFSC's report on Plaintiff's scheduled monthly payment.

What is more, UCFSC's report here was not materially misleading because Plaintiff submitted no proof that the report misled a creditor. Plaintiff provides only her opinion without admissible evidence that the allegedly inaccurate report created a misleading impression of her consumer credit file for credit reporting agencies. (ECF No. 1 at PageID 5.) And the Sixth Circuit has repeatedly found that a personal opinion, by itself, cannot support an inaccuracy claim under the FCRA. *See, e.g.*, *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001) ("mere speculation . . . without more, is insufficient"); *Bailey v. Equifax Info. Servs., LLC*, No. 13-cv-10377, 2013 WL 3305710 (E.D. Mich. July 1, 2013) (conclusory allegations that the report is inaccurate and misleading are insufficient); *Elsady v. Rapid Global Bus. Sols., Inc.*, No. 09-cv-11659, 2010 WL 2740154 (E.D. Mich. July 12, 2010) (a plaintiff must at least show that the defendant misled a creditor). Plaintiff has therefore showed no inaccuracy here.

### B. Alleged Failure to Conduct an Adequate Investigation

Plaintiff also argues that Defendant failed to conduct an adequate investigation following the receipt of a dispute letter as required by 15 U.S.C. § 1681s-2(b)(1). (ECF No. 1 at PageID 6–7.) But a threshold showing of inaccuracy or incompleteness is necessary for a successful claim under § 1681s-2(b). *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 630 (6th Cir. 2018). As mentioned above, she failed to show inaccuracy or incompleteness.

Since Plaintiff did not meet her threshold burden here, her FCRA claim fails as a matter of law. The Court therefore **GRANTS** summary judgment as to this claim.

## II. Defendant's Counterclaim for Breach of Contract

UCFSC also moves for summary judgment as to its Counterclaim for breach of contract. (ECF No. 71.) UCFSC claims that Plaintiff signed a contract agreeing to make 24 equal monthly payments of $72.04. (*Id.*) But Plaintiff failed to make those payments and still owes UCFSC an

outstanding balance of $867.68 plus interest. (ECF No. 73 at PageID 449–50.) UCFSC also alleges that it is entitled to reasonable attorney fees plus court costs under the Agreement. (ECF No. 73-1 at PageID 453.) Plaintiff acknowledges that she indeed agreed to make monthly payments and then defaulted on that obligation. (ECF No. 78 at PageID 531.)

To establish a claim for breach of contract in Tennessee, a plaintiff must show (1) the existence of an enforceable contract, (2) nonperformance breaching that contract, and (3) damages caused by that breach. *C&W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007) (citing *ARC LifeMed, Inc. v. AMC—Tenn., Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)). Plaintiff neither contests that the Agreement is enforceable, nor does she contend that she did not breach that Agreement. (ECF Nos. 78 at PageID 530–31; 73-1 at PageID 452–53.) The undisputed facts show that Plaintiff breached an enforceable contract. (ECF Nos. 78 at PageID 530–31; 73-1 at PageID 452–53.) Given this, the Court finds summary judgment as to Plaintiff's liability for breach of contract is appropriate.

So the only remaining issue is the amount of the outstanding balance. UCFSC claims it is $867.68 plus interest and that the proof is undisputed because it submitted the declaration of UCFSC's Chief Compliance Officer. (ECF Nos. 73; 72 at PageID 446.) Plaintiff is not so sure about the amount and seeks discovery to determine the amount. (ECF No. 78 at PageID 531.)

All in all, the Court **GRANTS** summary judgment as to Plaintiff's liability for breach of contract. The Court will decide the amount of damages owed to Defendant later.

## **CONCLUSION**

For all these reasons, the Court **GRANTS** UCFSC's motion for summary judgment on Plaintiff's claims and **GRANTS** UCFSC's motion for summary judgment only on Plaintiff's

liability for breach of contract.  The Court will decide the amount of damages owed to Defendant at a later time.

**SO ORDERED**, this 7th day of November, 2019.

                                          s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE